UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JO ANN VASSALLO,    NO. CIV. 2:11-2022 WBS

    Appellant,

  v.    OPINION

RANDALL D. NAIMAN, NAIMAN LAW GROUP, P.C.,

    Appellees.
_____/

----oo0oo----

The court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). Title 28 U.S.C. § 158(a) grants the district courts jurisdiction "to hear appeals from final judgments, orders, and decrees" from bankruptcy courts. In the bankruptcy proceeding regarding appellant Jo Ann Vassallo's adversary claim against appellees Randall D. Naiman and Naiman Law Group, P.C. for violation of the bankruptcy stay, Bankruptcy Judge Robert S. Bardwil granted appellees' motion for summary judgment. Vassallo now appeals that ruling.

1

I.   <u>Factual and Procedural Background</u>

On July 24, 2008, appellant filed for Chapter 11 bankruptcy in the Eastern District of California. (Designation of Record ("DOR") at 2 (Docket No. 5-1).) Appellant's petition was dismissed on October 23, 2008. (<u>Id.</u>) Appellant then filed the present case for Chapter 13 bankruptcy on November 21, 2008. (<u>Id.</u>) An automatic 30-day stay was triggered, pursuant to 11 U.S.C. § 263(c)(3)(A), upon appellant's filing of the bankruptcy case. (<u>Id.</u>)

On December 6, 2008, appellees served a three-day Notice to Quit upon appellant. (<u>Id.</u>) Appellant called Naiman Law Group on December 17, 2008, and gave verbal notice that she had filed for bankruptcy. (<u>Id.</u>)

On December 21, 2008, the automatic 30-day stay expired. (<u>Id.</u>) Two days later, on December 23, 2008, appellees filed an unlawful detainer action against appellant in state court. (<u>Id.</u> at 3.)

On February 5, 2009, appellant commenced the underlying adversary proceeding against appellees alleging violations of the automatic bankruptcy stay. (App. to Appellees' Brief Ex. 4 (Docket No. 9-1).) The deadline to file dispositive motions in the adversary proceeding was originally set for November 30, 2010. During a hearing held on April 7, 2011, appellees requested that the bankruptcy court grant the parties leave to file a motion for summary judgment in light of relevant new case law. The bankruptcy court agreed to permit motions for summary judgment if they were filed within two weeks of the hearing. (<u>Id.</u> Ex. 6.)

1           Appellees timely filed their motion for summary
2    judgement on April 21, 2011.  On May 10, 2011, appellant timely
3    filed her opposition to appellees' motion for summary judgment.
4    Appellant's opposition to the summary judgment motion also
5    included a counter motion for summary judgment.  The bankruptcy
6    court denied appellant's counter motion for summary judgment as
7    untimely and explained that the "counter motion would be denied
8    in any event for the reasons stated in the court's tentative
9    ruling on [appellees'] motion for summary judgment."  (DOR at 1.)
10          After hearing appellees' motion for summary judgment,
11   the bankruptcy court determined that there were no disputed
12   material facts and entered judgment in favor of appellees.  (Id.
13   at 2-4.)  The bankruptcy court found that, even if appellant
14   could prove the facts asserted in her Third Amended Complaint
15   ("TAC"), she would not have been entitled to any damages for
16   appellees' alleged violations of the automatic stay.  (Id. at 3.)
17          Appellant filed a notice of appeal with this court on
18   August 1, 2011, arguing that the bankruptcy court improperly
19   granted appellees' motion to dismiss.  (Docket No. 1.)
20          Appellant raises three issues on appeal: (1) Whether
21   the posting of a Notice to Quit after the debtor has filed for
22   bankruptcy and before the creditor has received actual notice of
23   the bankruptcy filing violates an automatic stay under 11 U.S.C.
24   § 362; (2) Whether the filing of an unlawful detainer action
25   after the termination of the automatic stay is a continuation of
26   an original violation of the stay if the three-day Notice to Quit
27   was filed during the stay and was not refiled; and (3) Whether a
28   plaintiff has the right to file a counter motion for summary

                                    3

judgment as part of its timely opposition to a defendant's motion when the deadline to file for summary judgment has passed.

II. Discussion

A district court reviewing a bankruptcy court's judgment on appeal must review findings of fact under the clearly erroneous standard and conclusions of law de novo. In re Van De Kamp's Dutch Bakeries, 908 F.2d 517, 518 (9th Cir. 1990). As the material facts of this case appear largely undisputed, the court here need only review the bankruptcy court's legal determinations.

A. Filing of the Notice to Quit During the Automatic Stay

When an individual files a second bankruptcy case within a one-year period, § 362(c)(3)(A) of the Bankruptcy Code provides that "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). Courts interpreting this provision have held that the stay automatically terminates in its entirety on the 30th day after the date of the filing of the second bankruptcy petition. See In re Reswick, 446 B.R. 362, 371 (9th Cir. B.A.P. 2011). In this case, the automatic stay terminated on December 21, 2008, because appellant's second bankruptcy action was filed on November 21, 2008. Appellant claims that appellees violated the automatic stay when they posted the Notice to Quit on December 6, 2008.

The damages provision for violations of a bankruptcy stay are found in Bankruptcy Code § 362(k), which provides that:

4

"an individual injured by any <u>willful violation</u> of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k) (emphasis added). A "willful violation" under these circumstances has been defined by the Ninth Circuit as follows:

> A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

<u>In re Abrams</u>, 127 B.R. 239, 243 (9th Cir. B.A.P. 1991).

It is undisputed that appellees did not know that appellant had filed for bankruptcy a second time and that there was an automatic stay in place when they posted the Notice to Quit. Without prior knowledge of the stay, appellees did not engage in a willful violation of the stay. See <u>In re Abrams</u>, 127 B.R. at 243. Accordingly, the court agrees with the bankruptcy court's determination that appellant is not entitled to damages under § 362(k) based on appellees' posting of the Notice to Quit during the automatic stay period.

B. <u>Filing of an Unlawful Detainer Action After the Stay has Expired</u>

Section 362(a)(1) prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim

against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Appellees filed the unlawful detainer action against appellant in state court on December 23, 2008, two days after the automatic stay terminated pursuant to § 362(c)(3)(A). Appellant argues that the filing of the unlawful detainer action was a violation of the automatic stay because it was a "continuation" of a judicial action under § 362(a)(1) that began with the posting of the Notice to Quit during the stay.

The Notice to Quit filed by appellees was legally void because it was filed during the stay. See In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992) (clarifying that "violations of the automatic stay are void, not voidable"). Appellees' unlawful detainer action was therefore invalid under California Code of Civil Procedure section 1161, which provides that proper notice is a condition precedent to an unlawful detainer action. See Briggs v. Elec. Memories & Magnetics Corp., 53 Cal. App. 3d 900, 905 (2d Dist. 1975). The question before the court is thus whether appellees' filing of an unlawful detainer action after the expiration of the stay, based on the condition precedent of a void notice filed during the stay, can constitute a violation of the bankruptcy stay when appellees had knowledge of the bankruptcy action.

The parties present two different interpretations of the legal effect of appellees' filing of the unlawful detainer action. Appellant argues that appellees' actions commenced with the filing of the Notice to Quit and that the filing of the unlawful detainer action was simply a continuation of appellees'

6

violation of the stay.  Under this interpretation, an action against a debtor for unlawful detainer commences upon the posting of the notice to quit, not the filing of the unlawful detainer action with the court.  Appellant argues that § 362(a)(1) obligated appellees to terminate all proceedings during the stay period and that by filing an unlawful detainer action without first filing a new notice to quit, appellees actions were continuing their prior violation of the stay.  Appellant presents no authority, however, and this court is unable to find any, that supports the proposition that a lawsuit filed after the expiration of a stay may constitute a violation of the stay where it relies on actions taken during the stay.

        Appellees contend that the filing of the unlawful detainer action after the stay terminated constituted the commencement of a judicial action and therefore cannot simultaneously be the continuation of a judicial action under § 362(a)(1).  Appellees argue that they did not maintain or continue a collection action during the pendency of the stay because the unlawful detainer action had not yet been filed and the notice to quit was legally void.  Appellees were unable to notify the state court of the automatic bankruptcy stay in order to stop the continuation of their suit during the stay, as appellant argues they should have done, because no action had yet been filed that could be stayed by the state court.  Under appellees' interpretation, the validity of the Notice to Quit was a relevant consideration for the state court hearing their unlawful detainer claim, but it bears no relevance on this court's consideration of whether they violated the automatic

7

bankruptcy stay.

The first and most important step in construing a statute is the statutory language itself. Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842-44 (1984). The court looks to the text of the statute to "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). Section 362(a)(1) of the bankruptcy code automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding." 11 U.S.C. § 362(a)(1). The plain language of § 362(a)(1) does not address limitations on the creditor's actions after the termination of the stay and thus offers little guidance to the court in this case.

When the statutory language is ambiguous, as it is in this case, a court may also look to the legislative history behind the statute. See Fla. Power & Light Co. v. Lorion, 470 U.S. 779, 737 (1985). The legislative history of § 362(c)(3)(A), the provision providing for the automatic termination of the bankruptcy after thirty days on a successive bankruptcy petition, provides support for appellees' position. For debtors filing their first bankruptcy claim, courts have noted that protecting debtors from interference by creditors during the pendency of the bankruptcy stay "serves as one of the most important protections in bankruptcy law." Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1214 (9th Cir. 2002). The Ninth Circuit in Reswick acknowledged that the protection of the debtor is of reduced concern when the debtor is involved in her second bankruptcy

8

proceeding within a one-year period.  See In re Reswick, 446 B.R. at 371.  The Reswick court determined that "[t]he legislative history demonstrates that Congress intended to deter successive bankruptcy filings by imposing stricter limitations on the power of the automatic stay as subsequent bankruptcy cases are filed."  Id.

This concern was shared by the bankruptcy judge in this case, who described appellant's bankruptcy proceeding as "undertaken with the obvious purpose of thwarting the secured creditor's attempts to exercise its state law remedies."  (DOR at 3.)  Extending the effect of the automatic bankruptcy stay in cases governed by § 362(c)(3)(A) runs contrary to the public policy of discouraging multiple filings that motivated the limited bankruptcy stay in the first place.  See Cont'l Air Lines, Inc. v. Hillblom, 61 B.R. 758, 779 (S.D. Tex. 1986) ("Thus, while seemingly broad in scope, the automatic stay provisions should be construed no more expansively than is necessary to effectuate legislative purpose."); United States v. Inslaw, Inc., 932 F.2d 1467, 1473 (D.C. Cir. 1991) ("The object of the automatic stay provision is essentially to solve a collective action problem to make sure that creditors do not destroy the bankruptcy estate in their scramble for relief.  Fulfillment of that purpose cannot require that every party who acts in resistance to the debtor's view of its rights violates 362(a) . . . ." (citation omitted)).  Holding creditors liable for legal actions filed after the expiration of the automatic stay would thus undermine the legislative purpose of § 362(c)(3)(A) by further disadvantaging the creditor.

9

1          The language of § 362(k), stating that damages for
2    violations of the stay may only be awarded where the violation
3    was "willful," also provides some guidance in the case at hand.
4    As described above, the Ninth Circuit has found that a creditor
5    need not have had specific intent to violate the stay, but only
6    that it "knew of the automatic stay and that [its] actions which
7    violated the stay were intentional." In re Abrams, 127 B.R. at
8    243.  Caselaw establishes that any action taken during a
9    bankruptcy stay constitutes a violation of the stay. Hillis
10   Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th
11   Cir. 1992).  The Ninth Circuit's definition of a willful
12   violation can be applied fairly where the creditor's actions
13   occurred during the pendency of the stay because all that must be
14   established is that the creditor knew about the stay and that the
15   act was intentional.
16          Where the contested action has occurred after the
17   automatic termination of the stay, however, proof that the
18   creditor knew about the prior stay and that the act was
19   intentional is not sufficient.  The Ninth Circuit's definition of
20   a "willful" violation would need to be expanded to include a
21   third factor, such as knowledge that the act taken outside of the
22   stay would constitute a continuation of an unlawful act taken
23   during the stay.  This additional factor would undermine the
24   Ninth Circuit's interpretation by requiring the creditor to
25   determine whether the action taken during the stay is
26   sufficiently related to the later action to render the later
27   action a continuation of the violation.  Appellant's theory would
28   thus require the court to modify Ninth Circuit caselaw in a

10

manner that would not be necessary if the court were to determine that actions taken after the stay cannot be held to be violations of the stay.

The vast majority of caselaw regarding the effect of the termination of a bankruptcy stay involves cases in which the creditor has affirmatively petitioned the court for a lifting of the bankruptcy stay so that it might retrieve its property. Under such circumstances, some courts have held that violations of legally required waiting periods after the lifting of the bankruptcy stay do not constitute violations of the bankruptcy stay. See, e.g., In re Duran, 483 F.3d 653 (10th Cir. 2007) (holding that creditor's action in repossessing debtor's vehicle taken after the legal termination of the bankruptcy stay, but before the expiration of the fourteen day waiting period, did not violate the automatic stay). This suggests that courts differentiate between violations that occur during the technical stay period and those that occur after the termination of the stay for the purposes of determining what actions constitute violations of the bankruptcy stay.

After consideration of the parties' interpretations, the court concludes that the appellees' interpretation, that the filing of the unlawful detainer action was not a continuation of their prior violation of the stay, is the more rational. Extending the force of the automatic bankruptcy stay to cover actions that occur outside of the stay is inconsistent with the language of the statute, the statute's legislative history, and related precedent. Accordingly, the court agrees with the bankruptcy court's order granting appellees' motion for summary

11

judgment.

### C. Filing of a Counter Motion for Summary Judgment

Local Bankruptcy Rule 9014-1(i) provides that: "Any counter motion or other motion related to the general subject matter of the original motion set for hearing pursuant to this Local Rule may be filed and served no later than the time opposition to the original motion is required to be filed." Local Bank. R. 9014-1(i). The bankruptcy court denied appellant's counter motion on the grounds that "[t]he court's procedure for filing of counter motions, set forth in LBR 9014-1(i), is not intended to permit a party to file as a counter motion a motion for which a deadline has already expired." (DOR at 1.)

The language of Local Bankruptcy Rule 9014-1(i) does not suggest that it supercedes the bankruptcy court's scheduling order by extending the deadline to file dispositive counter motions. A more reasonable interpretation of the Local Rule is that it is directed at those situations in which no deadlines are implicated and Federal Rule of Civil Procedure 16 controls modification of a court's scheduling order. The parallel Eastern District of California Local Rule regarding the filing of counter motions has similarly been held not to extend the dispositive motion deadline. See Martinez v. Home Depot USA, Inc., No. Civ. S-04-2272, 2007 WL 926808, at *2 (E.D. Cal. March 27, 2007), rev'd on other grounds by 299 Fed. App'x. 728 (9th Cir. 2008); cf. Copas v. E. Bay Mun. Util. Dist., 61 F. Supp. 2d 1017, 1041 (N.D. Cal. 1999) ("The court does not consider a 'counter-motion' filed two weeks after the dispositive motions filing deadline to

be a cross-motion."). This interpretation does not unfairly limit a plaintiff's right to respond to a defendant's motion for summary judgment, as appellant argues, because it does not limit a plaintiff's ability to oppose the motion. The bankruptcy court's denial of appellant's counter motion was thus proper.

Even if appellant had the right to file her counter motion, the court concurs with the bankruptcy court's opinion that the "counter motion would have been denied in any event." (DOR at 1.) Appellant's counter motion was integrated into appellant's opposition to appellees' motion for summary judgment and did not raise any legal analysis or factual evaluation that the bankruptcy court did not consider in opposition to appellees' motion. The fact that the bankruptcy court properly granted appellees' motion for summary judgment leads the court to conclude that appellant would have been unable to prevail on her counter motion for summary judgment even if it had been properly before the court.

IT IS THEREFORE ORDERED that the bankruptcy court's order granting appellees' motion for summary judgment be, and the same hereby is, AFFIRMED.

DATED: March 2, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE